UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE O. HUYE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:12-CV-111 (CEJ) |
| LIFE CARE CENTERS OF AMERICA, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Antoine O. Huye filed suit for employment discrimination in violation of the Missouri Human Rights Act in state court against Life Care Centers of America, Inc. (LCCA), United Medical Investors L.P., d/b/a Life Care Center of Bridgeton (United), and Donna M. Rohr. Although plaintiff and Rohr are both citizens of Missouri, defendants removed the action invoking the court's diversity jurisdiction. Plaintiff moves to remand the action based on lack of subject-matter jurisdiction.

I.  **Background**

Plaintiff, who is African-American, was employed as director of maintenance by defendants LCCA and United. Defendant Donna Rohr was the executive director and plaintiff's supervisor. His employment was terminated on October 14, 2010.

On April 12, 2011, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC). He alleged that he was discharged due to his race.[1] In his charge plaintiff wrote:

---

[1] Plaintiff also alleged that he was paid less than other directors of maintenance.

> The stated reason [for my discharge] was that I was a no call/no show on October 14, 2010.  At the unemployment hearing, the administrator [Rohr] admitted that I was at work on October 14.  Since this administrator (Caucasian) has come to the facility, a number of department heads (all African American) have been discharged.

The MCHR issued a right to sue notice on September 15, 2011, and plaintiff timely filed suit in state court in the Twenty-First Judicial Circuit Court of Missouri (Saint Louis County).  Defendants removed the action pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of Missouri.  LLCA is incorporated under the laws of Tennessee and has its principal place of business in Tennessee.  United is a limited partnership organized under the laws of Tennessee and its limited and general partners are all citizens of Tennessee.  Defendant Rohr is a citizen of Missouri.

## II.   Discussion

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated.  § 1447(c).  Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  As the parties invoking jurisdiction, defendants have the burden of establishing that all prerequisites to jurisdiction have been satisfied.  Id.; Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

Defendants removed this action based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship between plaintiffs and defendants.  A court may disregard the citizenship of a non-diverse or

resident defendant fraudulently joined in order to defeat removal. Commercial Sav. Bank v. Commercial Fed. Bank, 939 F. Supp. 674, 680 (N.D. Iowa 1996). Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Wiles v. Capitol Indemnity Corp., 280 F.3d 868. 871 (8th Cir. 2002). There is no fraudulent joinder if there is a colorable cause of action against the resident defendant under the facts alleged. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). That is, "if the state law might impose liability on the resident defendant under the facts alleged[,] then there is no fraudulent joinder." Id. "A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th Cir. 2006).

Defendants argue that Rohr is fraudulently joined because plaintiff did not name her in his charge of discrimination, and thus he cannot proceed against her in a civil action. In Hill v. Ford Motor Co., 277 S.W.3d 659, 662 (Mo. 2009), the Missouri Supreme Court held that the failure to name a supervisor in the discrimination charge will bar suit against the supervisor "only if it resulted in prejudice." The Hill court identified two purposes in requiring an individual to be named in the charge in order to be included in the later suit: "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." Id. at 669 (citations omitted). These requirements are met when there is a substantial identity of interest between the parties sued and those charged. Id. Determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

> (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 669-70 (citation omitted).

Thus, Hill establishes that there are circumstances under which a plaintiff's failure to name a supervisor in a charge of discrimination does not bar naming the supervisor in a future suit. See id. at 670 (remanding case to trial court for consideration of factors). Based on the holding in Hill, district courts have found that the decision whether a suit can proceed against an individual supervisor should be made by a Missouri court. See Jones v. Valspar Corp., 4:11CV00379NKL, 2011 WL 3358141 (W.D. Mo. Aug. 3, 2011); Jameson v. Gough, 4:09CV2021RWS, 2010 WL 716107 (E.D. Mo. Feb. 24, 2010); Johnson v. Durham D & M, L.L.C., No. 09–00502–CV–W–HFS, 2009 WL 2581265, *1 (W.D. Mo. Aug. 19, 2009); Sinderson v. Bayer CropScience, LP, No. 09–0693–CV–W–FJG, 2009 WL 4893201, *3 (W.D. Mo. Dec. 10, 2009); see also Shivers v. City of University City, No. 4:09CV630SNLJ (E.D. Mo. Feb. 2, 2010) (finding plaintiff could pursue MHRA claim against supervisors despite failure to name them in charge of discrimination). When "the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 335 F.3d at 811.

The Court finds that defendant Rohr was not fraudulently joined. There is not complete diversity of citizenship and the Court lack subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #12] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2012.